# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1917 | **DATE** | 8/26/2004 |
| **CASE TITLE** | Doe vs. City of Chicago, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, City of Chicago's motion to dismiss is granted in part and denied in part. Counts I through III are dismissed as to the City of Chicago. Plaintiff's official capacity claims against Sergeant Herman as to Counts IV through IX are dismissed. Plaintiff's prayer for relief for punitive damages against the City of Chicago is stricken. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 8-31-04 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 1917 ) |
| CITY OF CHICAGO and JOHN R. HERMAN, | ) Judge John W. Darrah ) ) |
| Defendants. | ) |



DOCKETED
AUG 3 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Doe, filed suit against Defendants, John R. Herman ("Sergeant Herman") and the City of Chicago, alleging violations of her Fourth Amendment Rights (Count I), violation of the Due Process Clause of the Fourteenth Amendment (Count II), violation of the Equal Protection Clause (Count III), policy violations by the City of Chicago (Count IV), false imprisonment (Count V), sexual assault and battery (Count VI), assault (Count VII), severe emotional distress (Count VIII), and an additional count of sexual assault and battery (Count IX). Presently before the Court is Defendant's motion to dismiss Counts I, II, and III, as to the City of Chicago, for failure to state a claim. Defendant also seeks dismissal of all of Plaintiff's "official capacity" claims against Sergeant Herman.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d

1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

On March 10, 2004, at or about 4:30 a.m., Sergeant Herman, while on duty and in an official Chicago Police uniform, detained Plaintiff at or about the 7900 block of Halsted Street, Chicago, Illinois. Plaintiff was detained and interrogated without any legal justification, though Plaintiff was led to believe that Sergeant Herman was conducting official police business. Sergeant Herman drove Plaintiff in his police vehicle to her residence.

Inside the residence, Sergeant Herman followed Plaintiff into her bedroom, locked the door and ordered her to disrobe. Once there, Sergeant Herman ordered Plaintiff to perform oral sex upon him. Under fear of violence and intimidation by Sergeant Herman as a Chicago Police Officer, Plaintiff acquiesced. After other degrading sexual acts, Sergeant Herman forced Plaintiff to have sexual intercourse with him. At no point did the Plaintiff consent to any sexual acts or physical contact with Sergeant Herman.

Afterwards, Sergeant Herman threatened to kill Plaintiff if these crimes were reported. When the crimes were reported at a police station located at 727 East 111 Street, Chicago, Plaintiff was

held as a material witness and was interrogated by police. She was ordered by detectives to simulate the rape. Later one of the detectives offered Plaintiff money ($ 5,000) in exchange for dropping the charges against Sergeant Herman.

The City of Chicago argues that Counts I through III should be dismissed, as to the City of Chicago, because there can be no municipal liability on the theory of *respondeat superior* pursuant to 42 U.S.C. § 1983, which arises from the Civil Rights Act. Plaintiff contends that since Sergeant Herman is a member of the Chicago Police force, Chicago is liable for his tortuous conduct. However, "[a] municipality cannot be held liable for violations of civil rights solely because an employee is a tort-feasor; a municipality cannot be held liable under the Civil Right Acts of 1871 on a *respondeat superior* theory." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692 (1978) (*Monell*). Accordingly, as to the City of Chicago, Counts I through III are dismissed.

The City of Chicago also argues that Plaintiff's "official capacity" claims against Sergeant Herman should be dismissed. Presently, both Sergeant Herman, in his official capacity, and the City of Chicago, itself, are defendants. Official capacity suits are akin to bringing suit against the entity, here, a municipality, itself. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See Contreras v. City of Chicago*, 920 F. Supp. 1370, 1376 n.1 (N.D.Ill. 1996) (dismissing *sua sponte* official capacity claims). Accordingly, Plaintiff's official capacity claims against Sergeant Herman as to Counts IV through IX are dismissed. In light of the dismissal of the Counts I through III above, the official capacity claims against Sergeant Herman are not dismissed. *See Monell*, 436 U.S. at 692.

The City of Chicago also argues that it is immune from Plaintiff's prayer for punitive damages. In her response, Plaintiff concedes that the City of Chicago is immune from punitive damages and affirmatively states that she is not seeking any punitive damages from the City of Chicago. Accordingly, Plaintiff's prayer for punitive damages against the City of Chicago is stricken.

For the foregoing reasons, the City of Chicago's motion to dismiss is granted in part and denied in part. Counts I through III are dismissed as to the City of Chicago. Plaintiff's official capacity claims against Sergeant Herman as to Counts IV through IX are dismissed. Plaintiff's prayer for punitive damages against the City of Chicago is stricken.

Dated: August 26, 2004

JOHN W. DARRAH
United States District Judge

4