# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 1917 |
| ) | |
| CITY OF CHICAGO, a Municipal corporation; ) | Judge John W. Darrah |
| JOHN R. HERMAN, a Chicago Police Sergeant; and ) | |
| OFFICER FLISK, a Chicago Police Officer, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jane Doe, filed suit against Defendants, John R. Herman ("Sergeant Herman") and the City of Chicago, alleging violations of her Fourth Amendment Rights (Count I), violation of the Due Process Clause of the Fourteenth Amendment (Count II), violation of the Equal Protection Clause (Count III), policy violations by the City of Chicago (Count IV), false imprisonment (Count V), sexual assault and battery (Count VI), assault (Count VII), severe emotional distress (Count VIII), and an additional count of sexual assault and battery (Count IX). Presently before the Court is Sergeant Herman's Motion to Stay Proceedings.

A motion was filed by Sergeant Herman and the City of Chicago seeking to stay the instant civil proceedings until the completion of a related criminal case. Sergeant Herman was recently charged in a criminal matter in state court with sexual assault and official misconduct arising out of the same events that constitute Plaintiff's civil lawsuit. The Plaintiff opposes a stay and also argues that if a stay is granted, it should only apply to Sergeant Herman and not the remaining defendants.

The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate. *Afro-Lecon, Inc. v. United States,*

299 U.S. 248, 254-55 (Fed.Cir.1987); *In re Anicom Inc. Sec. Lit.*, 2002 WL 31496212 (N.D. Ill. Nov. 8, 2002). In determining whether a stay should be granted in a civil trial based on the existence or potential existence of a criminal proceeding, the court considers six factors: (1) whether the two actions involved the same subject matter, (2) whether the two actions are brought by the government, (3) the posture of the criminal proceeding, (4) the public interests at stake, (5) the plaintiff's interests and possible prejudice to the plaintiff, and (6) the burden that any particular aspect of the proceedings may impose on the defendants. *Nowaczyk v. Mattingas*, 146 F.R.D. 169 (N.D. Ill. 1993); *Cruz v. County of DuPage*, 1997 WL 370194 (N.D. Ill. June 27, 1997) (*Cruz*).

Several factors weigh in favor of granting a stay in the instant civil case.

The state criminal charges pertain to the same time period and same general sets of allegations made in the Plaintiff's civil suit. The Plaintiff argues that because the City of Chicago, Morales, and Flisk are not parties in the criminal proceeding, the stay should not be granted. However, Sergeant Herman's alleged sexual assault is central to both the civil and criminal cases and is closely related to the Plaintiff's claims against the City of Chicago as well as to the claims against Morales and Flisk. The same subject matter is involved in both proceedings.

Because of the criminal charges against Sergeant Herman, his Fifth Amendment privilege is potentially threatened by defending this civil suit on the same subject matter as the criminal proceeding. *See Dresser*, 628 F.2d at 1376 (emphasizing that because no indictment had been returned, no Fifth Amendment privilege had been threatened).

Other factors weigh in favor of denying Sergeant Herman's request for a stay.

The civil action was not brought by the government, and the government, is not a party to the civil action. *See Cruz*, 1997 WL 370194 at *3 (emphasizing that the danger in which the

government may use civil discovery to obtain evidence and information for criminal prosecution is not present when the government has not brought both actions). Furthermore, the public has an interest in the resolution of the Plaintiff's accusations of sexual assault and battery by a police officer, violation of the Fourth and Fourteenth Amendments by the City of Chicago and its police officers, false arrest, false imprisonment, malicious prosecution, a cover-up by the City of Chicago, bribery, and witness intimidation.

Plaintiff could also be harmed by a stay of the civil proceedings, which would further lengthen the time in which the Plaintiff must address the traumatic events alleged, prevent discovery from proceeding, and prevent Plaintiff from discovering other facts relevant to her claims. On the other hand, Sergeant Herman's request for stay is brought early in the litigation with little actual discovery having taken place.

Based on the above factors, Sergeant Herman has demonstrated that a stay in the instant civil suit is appropriate. Accordingly, Sergeant Herman's Motion to Stay Proceedings is granted, provided, however, any claim that discovery is necessary to protect any facts from destruction or becoming stale pending the stay may be made on motioned to the Court.

Dated: January 18, 2005

JOHN W. DARRAH
United States District Judge